JAIME RIGAU, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 763. Submitted May 6, 1929.—Decided May 10, 1929.

Mr. Justice Texidor delivered the opinion of the court.

There was presented for record in the registry of property of San Germán a voluntary mortgage deed executed on April 12, 1929, before notary D. E. López Acosta by Enrique Rigau y García in favor of Jaime Rigau and the registrar decided as follows:

"The preceding document is recorded as to the mortgage right in the four properties marked A, B, D and C included therein,

on folios 14, 17 V, 173, and 167 of vols. 35, 35 of Lajas, and 22 and 26 of Sabana Grande, properties Nos. 519 duplicate, 268 duplicate, 465 duplicate and 201 duplicate and records of ownership 8 A, 7 A, 7 A and 6 A, and its record is denied as to the renunciation of the right of homestead by the debtor in favor of the creditor, because the mortgagor, being a widower, has failed to show that he has no children who in any case possess that right as regards some of the properties on which the lien has been created, these properties having possibly a value adequately covering besides the amount of the mortgage, the sum reserved and established by law as a homestead. It is understood that the children can not be prejudiced in the future by such renunciation, as that is a right in their favor reserved also by the law which governs the matter. If his wife were alive her consent would be required for such waiver, but as she is dead, her children born of her marriage to the mortgagor inherited all of her rights. A similar right pertains to other children that might be born of another marriage or otherwise, and therefore I repeat that such waiver on the part of the widower has no effect in the present case. Sections 2 and 3 of the Homestead Act. In stating this theory the registrar is not overstepping the limits of the law because the Homestead Act has also had as its purpose the protection of the family in its integrity and not the individual who in the present case happens to be the head of the family. Moreover, the state is always interested that a citizen should not be deprived of the means of life and reduced to indigence. 29 C.J. 782–3. In Porto Rico the right of homestead is statutory. It does not matter whether the properties may have been acquired by a bachelor or a widower because, as we have always held, if there are children at the time of the waiver the manner of acquiring property does not at all affect the right of the children in the homestead, bearing in mind the high principles involved in said law. We also cite the decision of the Supreme Court of Porto Rico in case No. 737, Enrique Ramírez v. Registrar of San German, decided March 8 of the current year. Consequently, I enter a cautionary notice for the statutory period of the said waiver of the right of homestead in favor of the creditor. The properties are only encumbered, apart from the lien here involved, by a mortgage of $2,200 to the Federal Land Bank of Baltimore.''

No appeal has been taken, but the documents have been sent up in accordance with the law.

We can not affirm the decision denying the record. According to the statute the consent of the children to the re-

nunciation is not required. Besides, the registrar should follow the provisions of articles 18 and 65 of the Mortgage Law and article 110 of its Regulations.

Apart from this, if the defect could be assigned, it could not be considered as incurable *à priori.*

The decision of the registrar of property of San Germán referred to herein must be reversed.